PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § Chapter 11<br>§<br>§ Case No. 19-34054-sgj11<br>§ |
| HIGHLAND CAPITAL MANAGEMENT, L.P.,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER MOUNTAIN INVESTMENT TRUST,<br><br>Defendant. | §<br>§<br>§<br>§<br>§ Adversary No. 20-03105-sgj<br>§<br>§<br>§<br>§ |

**DEBTOR'S NOTICE OF RULE 30(B)(6) DEPOSITION OF HUNTER MOUNTAIN
INVESTMENT TRUST**

---

[1] The last four digits of the Debtor's taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, made applicable herein pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, Highland Capital Management, L.P., the debtor and debtor-in-possession in the above-captioned chapter 11 case and plaintiff in the above-captioned adversary proceeding (the "Debtor" or "Plaintiff"), shall take the deposition of Hunter Mountain Investment Trust ("HMIT") in connection with (a) the proof of claim filed by HMIT [Claim No. 152], (b) *Hunter Mountain Investment Trust's Response to Debtor's (I) Objection to Claim No. 152 of Hunter Mountain Investment Trust and (II) Complaint to Subordinate Claim of Hunter Mountain Investment Trust and for Declaratory Relief* [Adv. Pro. Docket No. 11] by the person(s) most qualified to testify on HMIT's behalf with respect to the topics described in **Exhibit A** attached hereto on **February 26, 2021** commencing at 9:30 a.m. Central Time, or at such other day and time as the Debtor determines upon reasonable notice.

**The deposition will be taken remotely** via an online platform due to the coronavirus pandemic such that no one will need to be in the same location as anyone else in order to participate in the deposition and by use of Interactive Realtime. Parties who wish to participate in the deposition should contact **John A. Morris**, Pachulski Stang Ziehl & Jones LLP, at jmorris@pszjlaw.com **no fewer than 48 hours before the start of the deposition** for more information regarding participating in this deposition remotely.

Dated: February 10, 2021. **PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 2405397)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail:  jpomerantz@pszjlaw.com
  ikharasch@pszjlaw.com
  jmorris@pszjlaw.com
  gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

*/s/ Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

## EXHIBIT A

## DEFINITIONS

1. "<u>Concerning</u>" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

2. "<u>Debtor</u>" means Highland Capital Management, L.P. and any person or entity acting on its behalf or for its benefit.

3. "<u>HMIT</u>" means (a) Hunter Mountain Investment Trust, and (b) all trustees, directors, officers, employees, and agents of Hunter Mountain Investment Trust, or any other person or entity acting on its behalf or for its benefit.

4. "<u>HMIT Claim</u>" means the general unsecured, non-priority, unliquidated claim that was filed by Hunter Mountain Investment Trust on April 8, 2020 and that was denoted as proof of claim number 152 on the Debtor's claims register.

5. "<u>Response</u>" means *Hunter Mountain Investment Trust's Response to Debtor's (I) Objection to Claim No. 152 of Hunter Mountain Investment Trust and (II) Complaint to Subordinate Claim of Hunter Mountain Investment Trust and for Declaratory Relief* [Adv. Pro. Docket No. 11], filed on December 1, 2020.

## Topics

**Topic No. 1:**

The facts and circumstances Concerning the basis for the HMIT Claim.

**Topic No. 2:**

The purpose of the HMIT Claim.

**Topic No. 3:**

The relief sought in the HMIT Claim.

**Topic No. 4:**

HMIT's contentions Concerning why the HMIT Claim should be allowed in the amount of $60,298,739.00.

**Topic No. 5:**

Each statement, allegation, and contention set forth in the Response.