PACHULSKI STANG ZIEHL & JONES LLP
Jeffrey N. Pomerantz (CA Bar No. 143717) (*admitted pro hac vice*)
Ira D. Kharasch (CA Bar No. 109084) (*admitted pro hac vice*)
John A. Morris (NY Bar No. 266326) (*admitted pro hac vice*)
Gregory V. Demo (NY Bar No. 5371992) (*admitted pro hac vice*)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

HAYWARD PLLC
Melissa S. Hayward (TX Bar No. 24044908)
MHayward@HaywardFirm.com
Zachery Z. Annable (TX Bar No. 24053075)
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, TX 75231
Telephone: (972) 755-7100
Facsimile: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

ROCHELLE MCCULLOUGH, LLP
E. P. Keiffer (TX Bar No. 11181700)
325 North St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 580-2525
Email:  pkeiffer@romclaw.com

*Counsel for Hunter Mountain Investment Trust, L. P.*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>HIGHLAND CAPITAL MANAGEMENT, L.P.,[1]<br><br>Debtor. | § §  Chapter 11<br>§<br>§  Case No. 19-34054-sgj11<br>§<br>§ |

---

[1] The Debtor's last four digits of its taxpayer identification number are (6725). The headquarters and service address for the above-captioned Debtor is 300 Crescent Court, Suite 700, Dallas, TX 75201.

**Joint Stipulation of Dismissal Without Prejudice**                                                   **Page 1 of 4**

| | |
|---|---|
| HIGHLAND CAPITAL MANAGEMENT, L.P., § § § Plaintiff, § § vs. § § HUNTER MOUNTAIN INVESTMENT TRUST, § § Defendant. § | Adversary Proceeding No. 20-03105-sgj |

## JOINT STIPULATION OF DISMISSAL WITHOUT PREJUDICE

Highland Capital Management, L.P. (the "**Debtor**"), the debtor and debtor-in-possession, and Hunter Mountain Investment Trust ("**HMIT**") enter into this *Joint Stipulation of Dismissal Without Prejudice* (the "**Stipulation**") pursuant to Rule 7041 of the Federal Rules of Bankruptcy Procedure.

## Recitals

*Whereas,* HMIT timely filed Proof of Claim No. 70 on April 2, 2020 and then filed Proof of Claim No. 152 as an amendment, both in the amount of $60,298,739, to preserve asserted defenses of common law and contractual setoff (the "**HMIT POC**");

*Whereas,* the Debtor on August 26, 2020 commenced Adversary Proceeding No. 20-03105-sgj (the "**Adversary Proceeding**") by filing and serving the *Debtor's (I) Objection to Claim No. 152 of Hunter Mountain Investment Trust and (II) Complaint to Subordinate Claim of Hunter Mountain Investment Trust and for Declaratory Relief* (the "**Complaint**");

*Whereas,* the Debtor and HMIT entered into that *Stipulation and Proposed Scheduling Order* (the "**Stipulation**") (AP Docket No. 8) in the Adversary Proceeding (later approved by the Court at AP Docket No. 9), which among other things provided that HMIT "(a) waives its rights, if any, to vote for or against the Plan, whether pursuant to Federal Rule of Bankruptcy Procedure 3018(a) or otherwise; and (b) agrees not to object to or otherwise oppose confirmation of the Plan,

including any amendments thereto (provided that any such amendments do not affect the issues which would be litigated in this Adversary Proceeding);"

*Whereas,* HMIT complied with the Stipulation and the Court confirmed the Debtor's *Fifth Amended Plan of Reorganization* (Main Case Docket No. 1943) (the "**Plan**");

*Whereas,* HMIT wishes to withdraw the HMIT POC, provided that (a) it retains its asserted defenses of common law and contractual setoff with regard to any action the Debtor may take to enforce its rights under the Contribution Note or the Contribution Agreement (as those terms are defined in the Complaint), and (b) the Debtor dismisses the Adversary Proceeding without prejudice, subject to the Debtor's right to commence a new adversary proceeding to enforce its rights under the Contribution Note or Contribution Agreement or to otherwise pursue any other cause of action against HMIT; and

*Whereas,* HMIT and the Debtor agree that this Stipulation meets the requirements of Rule 7041 of the Federal Rules of Bankruptcy Procedure and case law construing the requirements for a dismissal without prejudice after HMIT timely filed its answer in the Adversary Proceeding.

NOW, THEREFORE, it is hereby stipulated and agreed, and upon approval of this Stipulation by the Court, it shall be SO ORDERED:

1. The Adversary Proceeding is hereby dismissed without prejudice; and

2. This dismissal shall have no effect on the Debtor's ability to later commence a new adversary proceeding to enforce its rights under the Contribution Note or the Contribution Agreement (as those terms are defined in the Complaint) or to otherwise pursue any other cause of action against HMIT.

Dated March 31, 2021.

**PACHULSKI STANG ZIEHL & JONES LLP**

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira D. Kharasch (CA Bar No. 109084)
John A. Morris (NY Bar No. 266326)
Gregory V. Demo (NY Bar No. 5371992)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760
E-mail: jpomerantz@pszjlaw.com
ikharasch@pszjlaw.com
jmorris@pszjlaw.com
gdemo@pszjlaw.com

-and-

**HAYWARD PLLC**

/s/ *Zachery Z. Annable*
Melissa S. Hayward
Texas Bar No. 24044908
MHayward@HaywardFirm.com
Zachery Z. Annable
Texas Bar No. 24053075
ZAnnable@HaywardFirm.com
10501 N. Central Expy, Ste. 106
Dallas, Texas 75231
Tel: (972) 755-7100
Fax: (972) 755-7110

*Counsel for the Debtor and Debtor-in-Possession*

**-and-**

**ROCHELLE MCCULLOUGH LLP**

/s/ *E. P. Keiffer*
E. P. Keiffer (TX Bar No. 11181700)
325 North St. Paul Street, Suite 4500
Dallas, Texas 75201
Telephone: (214) 580-2525
Facsimile: (214) 953-0185
Email: pkeiffer@romclaw.com

*Counsel for Hunter Mountain Investment Trust*